**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**



FILED
FEB 06 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

SAMUEL ROY ABRAM, )
)
       Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-02022 (UNA)
)
STEVEN MNUCHIN, )
)
       Defendant. )

## MEMORANDUM OPINION

Plaintiff, a federal prisoner designated to Pollock United States Penitentiary, located in Pollock, Louisiana, initiated this matter on August 27, 2018. He filed a *pro se* civil complaint ("Compl."), a motion to seal document, and an application to proceed *in forma pauperis*. On September 12, 2018, plaintiff fled a "supplemental amicus curie brief," which, as best understood, appears to constitute supplemental facts, arguments, and exhibits.

On September 27, 2018, the Court entered an order allowing plaintiff thirty days to submit a trust account statement in compliance with 28 U.S.C. § 1915(a)(2). On October 18, 2018, plaintiff filed his trust account statement, consistent with the directives from this Court's order. Therefore, the Court will now address plaintiff's complaint. Plaintiff's *in forma pauperis application* will be granted, the motion to seal document will be denied, and the complaint will be dismissed without prejudice.

Plaintiff attempts to bring this suit pursuant to the Trading with the Enemy Act, *see* 50 U.S.C. § 4309(a) (formerly 50 App. U.S.C. § 9(a)). Compl. at 1. He seeks to institute a "suit in equity in this court to establish his right, title, and interest, to property which has been transferred, assigned, conveyed or delivered to the custody of the Treasurer and provided that if it is so

established the court shall order the payment, conveyance, transfer, assignment, or delivery as the case may be to the plaintiff." *Id.* at 1–2.

The Trading with the Enemy Act pertains to money or property seized from a foreign enemy or ally of a foreign enemy. Both the complaint and supplemental brief are completely devoid of anything that would suggest that this plaintiff raises a claim with "an arguable basis in law and fact" under the requirements of the given statute. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). Rather, because the complaint appears to based on "fanciful factual allegations[]," it is subject to dismissal as frivolous. *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *see Johnson v. United States*, No. 09-0101, 2009 WL 113768 (D.D.C. Jan. 19, 2009) (dismissing as frivolous prisoner's claim under Trading with the Enemy Act).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: February 6, 2019

United States District Judge